UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
SELENA C. WITCHER,

                              Plaintiff,

       - against -

REFEREE MARILYN J MORIBER, Queens
Family Court,

                            Defendant.
-------------------------------------------------------x

**MEMORANDUM & ORDER**
21-CV-6168

PAMELA K. CHEN, United States District Judge:

      Plaintiff Selena C. Witcher filed this *pro se* action against Defendant Family Court Referee Marilyn Moriber in the United States District Court for the Southern District of New York. (Compl., Dkt. 1.) By Order dated October 28, 2021, Plaintiff's application to proceed *in forma pauperis* ("IFP") was granted. (Dkt. 4.) On November 5, 2021, the action was transferred to this Court. (Dkt. 5.) On December 6, 2021, Plaintiff filed an Amended Complaint. (Am. Compl., Dkt. 8.) As set forth below, this action is dismissed without leave to amend.

## BACKGROUND

      On October 1, 2021, Queens County Family Court Referee Marilyn Moriber issued a final order setting forth the visitation terms and schedule for the father of Plaintiff's minor child. (Am. Compl., Dkt. 8, at 11–13.) Plaintiff alleges that Defendant proceeded with the Family Court case even though Plaintiff was "not properly served," and that Defendant disclosed Plaintiff's "address and medical records knowing that [Plaintiff is] a domestic violence victim." (*Id.* at 4–5.) She seeks $100,000 in damages for emotional distress. (*Id.* at 6.)

**STANDARD OF REVIEW**

A complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is facially plausible when the alleged facts allow the Court to draw a "reasonable inference" of a defendant's liability for the alleged misconduct. *Iqbal,* 556 U.S. at 678.  Although all allegations contained in a complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Id.*  Where a plaintiff is proceeding *pro se,* her pleadings "must be construed liberally and interpreted to raise the strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks omitted); *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  Nonetheless, an *in forma pauperis* action shall be dismissed when the Court determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

An action "is frivolous when either: (1) the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy; . . . (2) the claim is based on an indisputably meritless legal theory," *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (internal quotation marks omitted); or (3) "it is clear that the defendants are immune from suit," *Montero v. Travis*, 171 F.3d 757, 760 (2d Cir. 1999) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)); *see also Mills v. Fischer*, 645 F.3d 176, 177 (2d Cir. 2011) (suit against defendant who has absolute immunity is frivolous for purposes of IFP statute).

**DISCUSSION**

Plaintiff's Amended Complaint cannot proceed against Defendant.  It is well-settled that judges have absolute immunity from suit for judicial acts performed in their judicial capacities. *Mireles v. Waco*, 502 U.S. 9, 9–10 (1991) (*per curiam*); *Forrester v. White*, 484 U.S. 219, 225–26

(1988); *Bliven v. Hunt*, 579 F.3d 204, 209 (2d Cir. 2009); *McKnight v. Middleton*, 699 F. Supp. 2d 507, 524–25 (E.D.N.Y. 2010), *aff'd*, 434 F. App'x 32 (2d Cir. 2011). Judicial immunity "is not overcome by allegations of bad faith or malice," nor can judges "be deprived of immunity because the action [the judge] took was in error ... or was in excess of [the judge's] authority." *Mireles*, 502 U.S. at 11, 13 (second alteration in original). Judicial immunity may only be overcome where (1) the challenged acts were not taken in the judge's judicial capacity or (2) the acts, "though judicial in nature, [were] taken in the complete absence of all jurisdiction." *Id.* at 11–12; *accord Gross v. Rell*, 585 F.3d 72, 82 (2d Cir. 2009).

Absolute judicial immunity extends to court-appointed referees, such as Defendant. *Wilson v. Wilson-Polson,* 446 F. App'x 330, 331 (2d Cir. 2011) (allegations that a New York State Family Court referee violated plaintiff's procedural due process rights failed in light of the referee's absolute immunity to suit); *Topolski v. Wrobleski*, No. 13-CV-0872 (LEK) (DEP), 2014 WL 2215761, at *3 (N.D.N.Y. May 29, 2014) ("Judicial immunity is so broad that judges and referees 'are not liable to civil actions for their judicial acts, even when such acts . . . are alleged to have been done maliciously or corruptly.'" (quoting *Stump v. Sparkman,* 435 U.S. 349, 356 (1978) (internal quotation marks omitted)); *Renner v. Stanton,* No. 13-CV-1676, 2013 WL 1898389, at *3 (E.D.N.Y. May 7, 2013) (dismissing claims against Family Court Referee based on judicial immunity). Here, Plaintiff sues Defendant precisely for her official acts in presiding over the Family Court matter involving visitation of Plaintiff's minor child. (*See generally*, Am. Compl., Dkt. 8.[1]) Therefore, Defendant is entitled to absolute immunity.

---

[1] To the extent that Plaintiff alleges that Defendant negligently or even recklessly disclosed Plaintiff's address or medical records, that is not enough to overcome judicial immunity. *Mireles*, 502 U.S. at 11 (judicial immunity cannot be overcome "by allegations of bad faith or malice" or that an action was taken in err); *Topolski*, 2014 WL 2215761, at *3 (applying *Mireles* to court-appointed referees).

## CONCLUSION

For the reasons explained above, the action is dismissed in its entirety as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B). The Court declines to allow Plaintiff an opportunity to amend her complaint a second time, *see Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000), because doing so would be futile. The Clerk of Court is respectfully directed to enter judgment accordingly and close this case.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: April 11, 2022
       Brooklyn, New York